UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MELVIS JUAN BERLANGA VILLEGAS,           )
PEDRO JOSE SERRANO and all others        )
similarly situated under 29 U.S.C. 216(b),   )
                                         )
            Plaintiffs,                  )
    vs.                                  )
                                         )
PAINTING FIRM LLC,                       )
CHARLES R ANSAROFF,                      )
JENNIFER L ANSAROFF,                     )
                                         )
            Defendants.                  )
_____    )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME VIOLATIONS

Plaintiffs, MELVIS JUAN BERLANGA VILLEGAS and PEDRO JOSE SERRANO on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Complaint against Defendants, PAINTING FIRM LLC, CHARLES R ANSAROFF, and JENNIFER L ANSAROFF, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Broward County, Florida at the time that this dispute arose.

3. The Defendant PAINTING FIRM LLC., is a Limited Liability Company that regularly transacts business within the Southern District of Florida. Upon information and belief, the Defendant Company was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant CHARLES R ANSAROFF is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying

Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant JENNIFER L ANSAROFF is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. All acts or omissions giving rise to this dispute took place in Broward County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified

at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff MELVIS JUAN BERLANGA VILLEGAS worked for Defendants as a painter from on or about September 15, 2015 through on or about March 31, 2017.

11. Plaintiff PEDRO JOSE SERRANO worked for Defendants as a painter from on or about September 15, 2015 through on or about November 20, 2016.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2014, 2015, and 2016.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2017 and is expected to exceed $500,000 for the year 2017.

16. Between the period of on or about September 15, 2015 through on or about March 31, 2017, Plaintiff MELVIS JUAN BERLANGA VILLEGAS worked an average of 52 hours a week for Defendants and was paid an average of $17.50 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

17. Between the period of on or about September 15, 2015 through on or about November 20, 2016, Plaintiff PEDRO JOSE SERRANO worked an average of 52 hours a week for Defendants and was paid an average of $17.50 per hourbut was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week

18. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court

costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

                                      Respectfully Submitted,

                                      J.H. Zidell, Esq.
                                      J.H. Zidell, P.A.
                                      Attorney For Plaintiffs
                                      300 71st Street, Suite 605
                                      Miami Beach, Florida 33141
                                      Tel: (305) 865-6766
                  Fax: (305) 865-7167
                                      Email: ZABOGADO@AOL.COM

                                      By:__/s/ J.H. Zidell_____
                                          J.H. Zidell, Esq.
                                          Florida Bar Number: 0010121